IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ISIAH MACON, <br> AIS # 335089, <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT GARNER and <br> YESCARE CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-CV-63-WKW <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

Before the court is Plaintiff's Letter (Motion) Requesting Documents be Added to the Civil Amended Inmate 1983 Complaint (Doc. # 37), which was received and docketed on September 8, 2025. In his motion, Plaintiff seeks to further amend his complaint to include an unrelated stabbing incident from June 7, 2024, and retaliation allegations.[1] Defendants filed responses in opposition to Plaintiff's motion. (Docs. # 40, 41.)

Defendants argue that Plaintiff's motion to amend is untimely. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, the time for Plaintiff to amend his

---

[1] Plaintiff alleges that, on June 7, 2024, he was stabbed by another inmate, and he attaches YesCare's Emergency Department Referral and body-chart documentation reflecting puncture wounds and lacerations recorded that day. He further alleges that, on unspecified dates, he received three minor, retaliatory disciplinary charges related to his filing of this lawsuit, which he contends are hindering his eligibility for work-release status and may adversely affect his parole prospects. (*See* generally Doc. # 37.)

complaint "as a matter of course" has passed.[2] Accordingly, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because neither Defendant has provided written consent, Plaintiff may amend his complaint only with the court's leave. After careful consideration, Plaintiff's request for an amendment is untimely. A Reset Scheduling Order (RSO) was entered in this case on May 30, 2025. (Doc. # 36.) The RSO did not extend the deadline for amending pleadings. Further, Plaintiff's motion to amend (Doc. # 37) was not filed until September 2025, more than a year after the alleged stabbing incident and three months after the entry of the RSO. Plaintiff had ample time to seek leave to amend his complaint before his case reached its later stages.

Defendants also argue that the amendment requested by Plaintiff would be futile. "[A] motion for leave to amend may be appropriately denied . . . where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) (citation and internal quotation marks omitted). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger*

---

[2] This action was initiated in February 2024. Before serving the complaint on Defendants, Plaintiff was afforded an opportunity to amend his complaint, which he did, and the amended complaint was served. Sergeant Garner filed an answer on December 9, 2024 (Doc. # 26), and YesCare Corp. filed an answer on February 20, 2025 (Doc. # 31). Plaintiff's opportunity to amend as a matter of course expired 21 days after the filing of each of these answers. *See* Fed. R. Civ. P. 15(a)(1)(B).

*King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).  After careful consideration, Plaintiff's requested amendment would be futile.  First, Plaintiff's proposed amendment includes no facts showing how Defendants are responsible for the newly alleged incidents involving the stabbing and retaliatory disciplinaries.  The new allegations are conclusory and fail to specify what each Defendant allegedly did to incur liability, whether through direct involvement or under any recognized supervisory-liability theory.  Second, to the extent that Plaintiff seeks to add new Defendants, he must do so in a separate lawsuit, given the delay in seeking to amend and the advanced stage of this litigation.  Additionally, the alleged stabbing incident does not "arise out of the same transaction, occurrence, or series of transactions or occurrences" as those in the amended complaint, nor does it involve a "question of law or fact common to all defendants," as required by Rule 20 of the Federal Rules of Civil Procedure.  Accordingly, granting Plaintiff leave to amend his complaint would be futile in this instance, and such leave will not be granted.

Based on the foregoing, it is ORDERED that Plaintiff's Letter (Motion) Requesting Documents be Added to the Civil Amended Inmate 1983 Complaint (Doc. # 37) is DENIED.

DONE this 20th day of January, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE