IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ISIAH MACON, ) | |
| AIS # 335089, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-63-WKW |
| ) | [WO] |
| SERGEANT GARNER and ) | |
| YESCARE CORP., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

In an Order entered on December 8, 2025, Plaintiff was directed to file a response to Defendant YesCare Corp.'s Motion to Dismiss or Alternatively for Summary Judgment by January 8, 2026 ("December 8 Order"). (Doc. # 44.) The December 8 Order also warned Plaintiff that, if he did not file a timely response to the motion, his action against this Defendant "would, without further notice, result in dismissal for failure to prosecute and comply with an order of the court." (Doc. # 44.) The January 8 deadline has passed, and Plaintiff has not filed a response to the motion as directed to do.

Given Plaintiff's failure to comply with the December 8 Order, Plaintiff's action against Defendant YesCare will be dismissed without prejudice.[1] A district

---
[1] Plaintiff's action will proceed against Defendant Sergeant Garner.

court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

2

In this instance, Plaintiff has not complied with the December 8 Order, despite its express directives and warnings. Consequently, Plaintiff's action against Defendant YesCare Corp. will be dismissed without prejudice.

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's action against Defendant YesCare Corp. is DISMISSED without prejudice;

(2) Defendant YesCare Corp.'s Motion to Dismiss or Alternatively for Summary Judgment (Doc. # 42) is DENIED as moot;

(3) The Clerk of Court is DIRECTED to terminate Defendant YesCare Corp. as a defendant in this action; and

(4) This action proceeds against Defendant Sergeant Garner.

DONE this 20th day of January, 2026.

                                           /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE